**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALE G. WILLS, | No. 09-15771 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01413-JLS-BLM |
| v. | |
| MATTHEW CATE; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Janis L. Sammartino, District Judge, Presiding **

Submitted August 10, 2010 ***

Before:    HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

Dale G. Wills, a California state prisoner, appeals pro se from the district

court's order denying his motion to reconsider its dismissal of his complaint for

failure to state a claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    Sitting by designation.

\*\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for abuse of discretion a denial of a motion to reconsider. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion when it concluded that the complaint does not state a claim for relief, because defendants' disagreement with Wills and Dr. Huntley about prescribing Accutane for Wills' acne does not constitute deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Similarly, the district court properly concluded that the complaint does not state a claim regarding defendants' alleged failure to treat Wills' hernia, because he did not name Nurse Lopez as a defendant and did not allege specific facts connecting any of the defendants to the alleged denial of hernia treatment. *See Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir. 2001).

Wills' contention that the district court imposed a heightened pleading standard is without merit because the district court took his well-pleaded facts as true and drew all reasonable inferences in Wills' favor. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

We grant Wills' motion to file a supplemental brief. However, Wills' contention that the district court's screening authority under the Prison Litigation Reform Act violates the case or controversy requirement is not persuasive. Wills

does not point to any case law, nor can we find any, that requires the opposing party to respond to the complaint in order to meet the case or controversy requirement.

Finally, Wills' request for a medical expert and tele-video conference is moot.

**AFFIRMED.**